1  Peter J. Van Zandt (State Bar No. 152321)
   H. Paul Efstratis (State Bar No. 242373)
2  LeClairRyan, LLP
   44 Montgomery Street, 18th Floor
3  San Francisco, CA 94104
   Telephone: (415) 391-7811
4  Telefax: (415) 391-8766

5  Attorney for Defendant
   AMERICAN BACKGROUND INFORMATION SERVICES,
6  INC.

7

8                    UNITED STATES DISTRICT COURT

9      NORTHERN DISTRICT OF CALIFORNIA-SAN FRANCISCO/OAKLAND DIVISION

10

11  JOSE LEOPOLDO RUBIO-DELGADO,        | **Case No.:**

12            Plaintiff,

13       v.                              | **NOTICE OF REMOVAL OF ACTION
                                         | UNDER 28 U.S.C. § 1441(a) (Federal Question)**
14  AMERICAN BACKGROUND                  | Complaint Filed: December 20, 2013
    INFORMATION SERVICES, INC.; and
15  DOES 1 through 10, inclusive,        | Alameda Superior Court Case Number:
                                         | HG13707614
16            Defendants.

17

18  TO THE CLERK OF THE ABOVE-ENTITLED COURT:

19      PLEASE TAKE NOTICE THAT Defendant AMERICAN BACKGROUND

20  INFORMATION SERVICES, INC. (hereinafter, "ABI"), hereby removes the state court action

21  described below to this District Court:

22      1.    On December 20, 2013, an action was commenced in the Superior Court of the

23  State of California in and for the County of Alameda entitled, *Jose Leopoldo Rubio-Delgado v.*

24  *American Background Information Services, Inc. and DOES 1 through 10, inclusive*, as Case

25  Number HG13707614, a true and accurate copy of which is attached hereto as Exhibit A.

26      2.    The first date upon which Defendant ABI received a copy of the said complaint

27  was March 11, 2014, when it was served with a copy of the said complaint and a summons from

28  the said state court. A true and accurate copy of the summons is attached hereto as Exhibit B.

                                        1

3.      This action is a civil action of which this District Court has original jurisdiction under 28 U.S.C. § 1331 and is one which may be removed to this Court by the defendant pursuant to the provisions of 28 U.S.C. §1441(a) in that it arises under federal statute 15 U.S.C. § 1681 (Fair Credit Reporting Act).

4.      Pursuant to 28 U.S.C. § 1446(d), the undersigned counsel hereby certifies that a true and correct copy of this Notice of Removal will be promptly filed with the Clerk of the Superior Court of the State of California, County of Alameda, and served upon all adverse parties.

DATED:  April 10, 2014                    LeClairRyan, LLP

By: _____
H. Paul Efstratis
Attorney for Defendant
AMERICAN BACKGROUND
INFORMATION SERVICES, INC.

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a)
(Federal Question)

# Exhibit A

1   DEVIN H. FOK (SBN: #256599)
2   LAW OFFICES OF DEVIN H. FOK
    PO Box 7165
3   Alhambra, CA 91802
    Telephone: (310) 430-9933
4   Facsimile: (323) 563-3575
5   Attorney for Plaintiff,
6   Jose Leopoldo Rubio-Delgado

7

8
                SUPERIOR COURT OF THE STATE OF CALIFORNIA
9
                        COUNTY OF ALAMEDA
10
                        UNLIMITED JURISDICTION
11

| | |
|---|---|
| JOSE LEOPOLDO RUBIO-DELGADO, | Case No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:** |
| v. | |
| AMERICAN BACKGROUND INFORMATION SERVICES, INC.; and DOES 1 through 10, inclusive, | 1.   15 USC §1681e(b)<br>2.   15 USC §1681k(a)(2)<br>3.   15 USC § 1681b(b)(1)(A)(ii); |
| Defendants. | JURY TRIAL DEMANDED |

        Plaintiff JOSE LEOPOLDO RUBIO-DELGADO (hereafter as "Plaintiff") complains

against Defendants AMERICAN BACKGROUND INFORMATION SERVICES, INC. and

DOES 1 through 10 (collectively as "Defendant"), and demands a trial by jury of all issues

alleges as follows:

## NATURE OF THE ACTION

1.     It is estimated that one in four adults in the United States have a criminal record of some kind and that more than ninety percent of all employers in the United States perform criminal background checks on job candidates.[1]

2.     Most employers are reluctant to hire people with conviction history.[2]

3.     Existing law requires employers to consider certain relevant factors, including the age, nature, and severity of a job applicant's criminal record and the duties to be performed, before making an adverse employment decision based on a person's criminal record.[3]

4.     It is therefore imperative that criminal background check companies provide accurate, complete, and up-to-date information about a job applicant's criminal record.

5.     To further this compelling interest, the Congress (through the Fair Credit Reporting Act ("FCRA") under 15 USC §1681 et seq.) has enacted comprehensive legislation regulating the procurement and issuance of background check reports, stating that "[c]onsumer reporting agencies have assumed a vital role" and that "there is need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. §1681(a)(4).

6.     The FCRA requires a background check company to follow extremely stringent procedures to ensure that whenever criminal history information is reported, it is accurate,

---

[1] NAT'L CONSUMER LAW CTR., BROKEN RECORDS: HOW ERRORS BY CRIMINAL BACKGROUND CHECKING COMPANIES HARM WORKERS AND BUSINESSES (Apr. 2012), *at* 3. *See also* SOC'Y FOR HUMAN RES. MGMT., BACKGROUND CHECKING: CONDUCTING CRIMINAL BACKGROUND CHECKS, slide 3 (Jan. 22, 2010), *located at* http://www.slideshare.net/shrm/background-check-criminal (last visited on July 15, 2013); Ben Geiger, *Comment: The Case for Treating Ex-Offenders as a Suspect Class*, 94 CAL. L. REV. 1191, 1193 (2006).
[2] Harry Holzer, Steven Raphael & Michael A. Stoll, Employer Demand for Ex-Offenders: Recent Evidence from Los Angeles, Nat'l Crim. J. Ref. Svs. (March 2003), available at https://www.ncjrs.gov/App/Publications/abstract.aspx?ID=244705.
[3] See generally Equal Employment Opportunity Commission, Enforcement Guidance on the Consideration of Arrest and Conviction Records in Employment Decisions Under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq (Apr. 25, 2012)., available at http://www.eeoc.gov/laws/guidance/arrest_conviction.cfm.

COMPLAINT FOR DAMAGES -2-

complete, and up to date. Under 15 USC §1681e(b) a background check company "shall follow

reasonable procedures to assure *maximum possible accuracy* of the information concerning the

individual about whom the report relates." (Emphasis added). 15 USC §1681e(b).

7.     In addition, when public records information such as criminal history information

is reported in the employment context, the background check company is required to "maintain

*strict procedures* designed to insure that…[the information reported] is complete and up to date."

15 USC §1681k(a)(2).

8.     Defendant failed to fulfill its statutory duties under the FCRA, as a result of which

a background check report containing inaccurate, incomplete, and out-of-date information

concerning Plaintiff was furnished to her prospective employer and Plaintiff was denied

employment.

9.     Plaintiff seeks actual damages, punitive damages, and equitable relief, costs and

expenses of litigation, including attorney's fees, and appropriate injunctive relief requiring

Defendant to comply with its  legal obligations, as well as additional and further relief as may be

appropriate. Plaintiffs reserve the right to amend this Complaint to add additional relief as

permitted under applicable law.

## THE PARTIES

1.     Plaintiff JOSE LEOPOLDO RUBIO-DELGADO is, and at all times relevant here

in was, a resident of the County of Alameda in the State of California.

2.     Defendant AMERICAN BACKGROUND INFOMRATION SERVICES, INC. is

and at all times herein mentioned was, a foreign corporation doing business in the State of

California.

3.     AMERICAN BACKGROUND INFORMATION SERVICES, INC. is an entity

regulated under both the FCRA.

COMPLAINT FOR DAMAGES -3-

4.      For the purposes of the FCRA, AMERICAN BACKGROUND INFORMATION SERVICES, INC. is a "consumer reporting agency" as defined under 15 USC § 1681a(f) because they are a "person which, for monetary fees, dues…regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purposes of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing *consumer reports*." (Emphasis added.)

5.      A "consumer report" is "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, *character, general reputation, personal characteristics, or mode of living* which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for….employment." 15 USC §1681a(d) (emphasis added).

6.      AMERICAN BACKGROUND INFORMATION SERVICE, INC.'s reports, including the background check report at issue in the present case, contain background information on consumer regarding their general reputation, character, mode of living or other personal characteristics. Among other things, AMERICAN BACKGROUND INFORMATION SERVICE, INC.'s reports typically include information regarding criminal histories.

7.      Defendants sell background check reports to, among others, prospective employers. Plaintiff is ignorant of the Defendants sued herein as DOES 1-10, inclusive, and therefore sues those Defendants by such capacities when such information is ascertained.

8.      Plaintiff is informed and believes and thereon alleges that each of the Doe Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as herein alleged were proximately caused by such occurrences.

9.      Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, Defendants DOES 1-10, were agents of each other and of the named Defendant and in doing the things alleged in this complaint, were acting in the scope of such agency and with the permission and consent of Defendants.

## VENUE

10.     Venue and jurisdiction are proper in this court pursuant to California code of Civil Procedure Sections 395 and 395.5. The cause of action arose in the County of Alameda in the State of California.

## GENERAL ALLEGATIONS

11.     Plaintiff was convicted of misdemeanor Automobile Theft on November 29, 2006.

12.     California Penal Code § 1203.4 provides that "in any case in which a defendant has fulfilled the conditions of probation for the entire period of probation, or has been discharged prior to the termination of the period of probation, or in any other case in which a court, in its discretion and the interests of justice, determines that a defendant should be granted the relief available under this section... the court shall thereupon *dismiss the accusations or information* against the defendant and... he or she shall thereafter be released from all penalties and disabilities resulting from the offense of which he or she has been convicted." (Emphasis added).

13.     Plaintiff's conviction was dismissed pursuant to California Penal Code § 1203.4.

14.     Plaintiff was hired in or around February 2012 by Aerotek, a staffing agency, and was put to work as a "battery technician" for its customer Exide Technologies, in Fremont, California.

15. On or about February 14, 2012, Aerotek requested that Defendant prepare a criminal background check concerning Plaintiff.

16. On or about March 2, 2012, Defendant furnished the background check report to Aerotek, which contained inaccurate, incomplete, and not-up-to-date information concerning Plaintiff.

17. The March 2, 2012 report (hereafter as "the SUBJECT REPORT") contains the following information: [4]

| Case Reference # | [Redacted] |
|---|---|
| Case Date | Sep 08, 2006 |
| Name on File | [Redacted] |
| Charge | Automobile Theft |
| Charge Type | Misdemeanor |
| Disposition | Conviction |
| Date | Nov 29, 2006 |
| Sentence | Jail 1 year(s), Probation 5 year(s) |

18. Under the FCRA, Defendants were required to use "reasonable procedures to insure the maximum possible accuracy of the information reported." In addition, when employment is contemplated, Defendants were required to use "strict procedures" to ensure that the information reported is "complete and up to date."

19. Plaintiff's full file disclosure obtained from the Alameda County Superior Court, in direct contrast with the SUBJECT REPORT, contains no information related to the above-mentioned convictions.

20. Under Cal. Civ. C. §1786.29(a), an investigative consumer reporting agency is required to provide, in at least 12-point boldface type setting forth that "... it is accurately copied from public records ...."

21. Indeed, on the cover page of the SUBJECT REPORT, Defendant guarantees that

---

[4] Identifying information has been redacted to protect Plaintiff's identity.

1   the information reported was "accurately copied from public records." Nevertheless, Defendants

2   intentionally, gross negligently, and/or recklessly failed to obtain and copy readily available

3   public record information from Alameda County Court when reporting Plaintiff's criminal

4   history information.

5       22.    Defendant erred by reporting Delgado as having a conviction dated November 29,

6   2006 when in fact Delgado's conviction had been subsequently dismissed pursuant to California

7

8   Penal Code § 1203.4. This error rendered the SUBJECT REPORT inaccurate.

9       23.    In light of the dismissal pursuant to California Penal Code § 1203.4, Defendant

10  was barred from reporting any information whatsoever about Delgado's case, because

11  California's equal employment opportunity regulation Title 2 of the California Code of

12  Regulations §7287.4(d)(1)(B) prohibits an employer from inquiring and/or use  about

13  misdemeanor convictions dismissed pursuant to California Penal Code § 1203.4.

14

15      24.    Moreover, under 15 U.S.C. §1681b(b)(1)(A)(ii), a consumer reporting agency is

16  prohibited from disclosure of any information, the inquiry of which, would violate State equal

17  employment opportunity law or regulation.

18      25.    Not only did ABI disclose the information, ABI also adjudicated Plaintiff as

19  ineligible for employment on behalf of Aerotek by assigning him a "Red" flag which

20  automatically disqualifies Plaintiff from employment.

21

22      26.    Rubio-Delgado contact ABI and disputed the inaccurate information in his

23  consumer report.

24      27.    On or about March 14, 2012, ABI provided Aerotek a corrected consumer report

25  omitting the disclosure of the dismissed conviction.

26      28.    Despite having been provided with a corrected report which did not include the

27  Automobile Theft conviction, on March 16, 2012 Aerotek still terminated Rubio-Delgado as a

28

1  result of the erroneous information in the SUBJECT REPORT.

2        29.    In Alameda County, the cost per page for obtaining copies of court documents is

3  $.50 per page. The Clerk's Documents and Minutes on Plaintiff which would have provided

4  accurate, complete and up to date information on Plaintiff's criminal history consists of only

5  several pages at a cost of less than $5.

6        30.    As a direct and foreseeable result of Defendants' wrongful conduct, Plaintiff lost a

7

8  valuable employment opportunity, suffered significant economic, emotional, and mental distress,

9  and is at risk of losing his home as a result of Defendants' profit-maximizing measures that

10  disregard substantial potential harm to consumers.

11

12  **FIRST CAUSE OF ACTION**

13  **(Violation of 15 United States Code §1681e(b))**

14

15        31.    Plaintiff hereby incorporates by reference the allegations of paragraphs 1-30,

16  inclusive.

17        32.    Upon information and belief, Defendants have not, and currently do not, follow

18  reasonable procedures to assure maximum possible accuracy of the information concerning the

19  individual about whom the report relates.

20        33.    Specifically, Defendants failed to visually inspect, copy, or analyze the readily-

21  available public records information concerning Plaintiff, which failure led to the inaccuracies in

22

23  the SUBJECT REPORT.

24        34.    Defendant's violations were willful or reckless because Defendants were aware of

25  their obligations under the FCRA but nonetheless consciously elected to disregard their

26  obligations.

27        35.    Defendants' violations entitle Plaintiff to damages pursuant to 15 USC §§ 1681n

28

1     and 1681o, including but not limited to the actual harms suffered by Plaintiff as a direct legal,

2     proximate, and foreseeable result of Defendant's violations as well as punitive damages.

3

4                     **SECOND CAUSE OF ACTION**

5             **(Violation of 15 United States Code §1681k(a))**

6         36.      Plaintiff hereby incorporates by reference the allegations of paragraphs 1-30,

7

8     inclusive.

9         37.      Upon information and belief, Defendants failed to provide Plaintiff

10     contemporaneous notice of the fact that public record information is being reported pursuant to

11     15 USC §1681k(a)(1) and have not and currently do not maintain strict procedures designed to

12     insure that whenever public record information which is likely to have an adverse effect on a

13     consumer's ability to obtain employment is reported it is complete and up to date.

14         38.      Specifically, Defendants failed to visually inspect, copy, or analyze the readily-

15

16     available public records information concerning Plaintiff resulting in a report containing

17     information that is not complete and up to date.

18         39.      Defendants' violations were willful or reckless because Defendants were aware of

19     their obligations under the FCRA but nonetheless consciously elected to disregard their

20     obligations.

21         40.      Defendants' violations entitle Plaintiff to damages Pursuant to 15 USC 1681n and

22

23     1681o, including, but not limited to, the actual harms suffered by Plaintiff as a direct legal,

24     proximate, and foreseeable result of Defendants' violations as well as punitive damages.

25     //

26     //

27

28

## THIRD CAUSE OF ACTION

### (Violation of 15 United States Code §1681b(b)(1)(A)(ii))

41.    Plaintiff hereby incorporates by reference the allegations of paragraph 1-30, inclusive.

42.    Upon information and belief, Defendants failed to use reasonable procedures to avoid violation of 15 U.S.C. §1681b(b)(1)(A)(ii) by not only reporting, but also adjudicating Plaintiff as ineligible for employment solely on the basis of Plaintiff's dismissed misdemeanor conviction on behalf of Aerotek.

43.    Defendants' violations were willful or reckless because Defendants were aware of their obligations under the FCRA but nonetheless consciously elected to disregard their obligations.

44.    Defendants' violations entitle Plaintiff to damages Pursuant to 15 USC 1681n and 1681o, including, but not limited to, the actual harms suffered by Plaintiff as a direct legal, proximate, and foreseeable result of Defendants' violations as well as punitive damages.


## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.    For a declaration that Defendants' practices violate the FCRA, 15 United States code §1681 *et seq.*;

2.    For compensatory, special, general, statutory and punitive damages according to proof against all Defendants;

3.    For interest upon such damages as permitted by law;

4.    For an award of reasonable attorney's fees provided by law under all applicable

1   statutes;

2   5.   For the costs of suit;

3   6.   For such other orders of the Court and further relief as the Court deems just and

4        proper.

5

6                           **DEMAND FOR JURY TRIAL**

7        Plaintiff hereby request and demand a jury trial on all issues triable by jury.

8

9

10  DATED: December 13, 2013                    DEVIN H. FOK ESQ.
                                                THE LAW OFFICES OF DEVIN H.  FOK
11

12                                              By: _____
                                                    Devin H. Fok
13                                                  Attorney for Plaintiff Jose Delgado

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                          COMPLAINT FOR DAMAGES -11-

# Exhibit B

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>Jose Leopoldo Rubio-Delgado<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>American Background Information Services, Inc.; and DOES 1 through 10, inclusive. | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO!* Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Alameda County Superior Court<br>Hayward Hall of Justice; 24405 Amador Street, Hayward, CA 94544 | CASE NUMBER:<br>*(Número del Caso):* |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Devin H. Fok, Esq. (256599), P. O. Box 7165, Alhambra, CA 91802-7165; 310-430-9933

| DATE:<br>*(Fecha)* | | Clerk, by<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served<br>1. ☐ as an individual defendant.<br>2. ☐ as the person sued under the fictitious name of *(specify):*<br><br>3. ☑ on behalf of *(specify):*<br>   under: ☑ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)<br>          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)<br>          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)<br>          ☐ other *(specify):*<br>4. ☐ by personal delivery on *(date):* |
|---|---|

Page 1 of 1

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

*Jose Leopoldo Rubio-Delgado v. American Background Information Services, Inc.*

## PROOF OF SERVICE

I declare that:

I am a citizen of the United States, employed in the County of San Francisco, California, over the age of eighteen years, and not a party to the within cause. My business address is 44 Montgomery Street, 18th Floor, San Francisco, California, 94104. I served the within:

CIVIL CASE COVER SHEET

NOTICE OF REMOVAL OF ACTION UNDER 28.U.S.C § 1441(A) (Federal Question)

by placing a true and correct copy thereof addressed as follows:

| | |
|---|---|
| Devin H.Fok<br>LAW OFFICES OF DEVIN H. FOK<br>PO Box 7165<br>Alhambra, CA 91805<br>*Attorney for Plaintiff* | |

  **X   BY MAIL:** on the parties in said cause, by placing a true and correct copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California, as addressed on the service list.

I certify and declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on **April 10, 2014** at San Francisco, California.

Charmaine Villavert